UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL KAPLAN,

        Plaintiff,

v.

LAW OFFICES OF TIMOTHY E.
BAXTER & ASSOCIATES, P.C. and
JP MORGAN CHASE [sic], a national
banking association,

        Defendants.

        Case No. 11-14886
        Honorable Denise Page Hood

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

**I.  INTRODUCTION**

This matter involves the Fair Debt Collection Practices Act. Plaintiff Carol Kaplan filed the present action on November 4, 2011. She alleges a violation of the Fair Debt Collection Practices Act against the Law Offices of Thomas E. Baxter & Associates and violation of the Michigan Collection Practices against JP Chase Morgan. Now before the Court is the Law Offices of Thomas E. Baxter & Associates' motion to dismiss or, in the alternative, motion for summary judgment. The matter has been fully briefed and is now appropriate for determination. For the reasons stated below, the Defendant's motion to dismiss or, in the alternative, motion for summary judgment is GRANTED IN PART and DENIED IN PART.

**II.  BACKGROUND**

This action involves one telephone conversation between Plaintiff and Mr. Baxter, an employee of the Law Offices of Timothy E. Baxter & Associates. On or about October 4, 2011,

Baxter telephoned Plaintiff attempting to collect a debt owed to JP Morgan Chase. During the conversation, Baxter informed Plaintiff that Chase was going to file a lawsuit on October 6, 2011, get a judgment entered, and put a lien on her home. Plaintiff told Baxter that she had cancer and Baxter, in response, allegedly told Plaintiff that she needed to be more responsible. At the present, Defendants have not filed suit.

On June 8, 2012, the Court entered a stipulated order of dismissal as to JP Morgan Chase.

## III. ANALYSIS

### A. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Summary judgment is appropriate in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden

of demonstrating that summary judgment is appropriate. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). The Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. Any dispute as to a material fact must be established by affidavits or other documentary evidence. Fed. R. Civ. P. 56(c). "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380 (2007).

### B. Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act (FDCPA) was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e). In determining whether conduct violates the FDCPA, courts must employ an objective test based on

the least sophisticated consumer. *Id.* The least sophisticated consumer test requires the court to consider "whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011). Under this test, the truth of a statement is not always a defense because a statement may be misleading despite the truth of it. *Id.*

Plaintiff has not identified what sections of the FDCPA that Defendant violated. From the Complaint, it appears that Plaintiff is alleging violations of sections 1692d and 1692e of the FDCPA. The Court will proceed accordingly.

### 1. Motion to Dismiss

Defendant argues that Plaintiff has failed to state a claim under section 1692e because Defendant was merely informing Plaintiff of its legal options. Section 1692e of the FDCPA provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
>> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e. The Sixth Circuit has found the following types of behaviors deceptive: impersonating a public official, falsely stating that a debt would be referred to an attorney, and misrepresenting the amount of the debt owed. *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 331 (6th Cir. 2006). The *Harvey* court found that the plaintiff failed to state a claim

when she did not allege that the defendant would ever have the means to obtain proof of the debt owed. *Id.* at 327–28. In the context of a motion for summary judgment, courts have held that the act of informing a debtor of the agency's legal options does not rise to a violation of section 1692e. *Shuler v. Ingram & Associates,* 710 F.Supp.2d 1213, 1224 (N.D. Ala. 2010).

Here, Plaintiff alleges that the Defendants indicated that they would file a lawsuit and obtain a lien against her on a date certain. The specified date passed without the filing of a lawsuit. Informing a debtor that a suit would be filed on a date certain rises above the level of simply informing a debtor of the collector's legal rights. This action could reasonably mislead the least sophisticated consumer placed in the same situation. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 (11th Cir. 1985) (finding that there was a genuine issue of material fact as to whether a collector intended to file a lawsuit when collector represented that it would recommend that a lawsuit is filed within five days if the debtor did not make arrangements). The least sophisticated consumer would believe that a collector intended to follow through on filing a lawsuit on the specified date. Plaintiff alleges that Defendant never filed suit. Defendant's failure to file suit after informing Plaintiff that it would do so puts Defendant on notice that Plaintiff is alleging that Defendant never intended to file the suit in violation of 1692e. The Court will not trifle with Plaintiff's failure to state explicitly that Defendant never intended to file suit when she alleges that Defendant never followed through with its stated intention. Plaintiff has stated a claim under section 1692e.

Section 1624d prohibits a collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692d encompasses "tactics intended to embarrass, upset, or frighten a debtor." *Harvey*, 453 F.3d at 330. Although whether conduct is harassing or

abusive is normally a question for the jury, courts have dismissed actions when the "the facts alleged do not have the natural consequence of harassing or abusing a debtor." *Id.*

Defendant argues that the alleged conduct does not satisfy section 1624d. It brings this argument pursuant to its motion to dismiss. Plaintiff alleged that she communicated to Defendant that she had cancer and Defendant replied that she should be more responsible. Whether such language would rise to the level of harassment or abuse is a question of fact. The Court will not make a determination as to whether Defendant's statements were harassing and abusive to her. Plaintiff has sufficiently stated a claim; Defendant's motion to dismiss is denied on this basis.

## 2. Motion for Summary Judgment

Defendant attached a transcript of the conversation in question, which was prepared by an associate of the law firm representing the Defendant.[1] Defendant argues that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. First, Defendant argues that Plaintiff's contention that the collector gave a date certain to file a lawsuit was false. Defendant contends that the collector stated that a lawsuit may be filed. A closer look at the transcript shows that the collector said:

| | |
|---|---|
| Collector: | I just have to inform you that, unfortunately, the client is going to move forward suit—on filing suit. At least they may—I—I—I can't really—at this point, it has a date of October the 6th for filing suit . . . |
| Kaplan: | Well, they can file suit, but I don't know where the suit is going to get them. |
| Collector: | Well, they—intend to try to obtain judgment against you regarding this balance and possible liens on your home and property—as |

---

[1] At oral arguments, Plaintiff objected to Defendant's use of the transcript because the parties have not had an opportunity to conduct discovery and the transcript was not prepared by a certified court reporter or transcription service. Plaintiff also argues that it was not given access to the original recording, which is in Defendant's possession. The Court gave Plaintiff the opportunity to file a written objection to the use of the transcript. No objection was filed. The Court will consider the transcript.

| | |
|---|---|
| | well as— |
| Kaplan: | Well, my property is under water, so. |
| Collector: | Mmm-hmm. |
| Kaplan: | I don't know what that will do. |
| Collector: | Well, I—I—I am only telling you what the client intends to do. . . |

The collector's statements vacillated between being definite and noncommittal. At one point it only appears that he is communicating what the client intends to do. However, he also stated definitively that a suit would be filed on October 6th. This remains a question of fact. A jury could reasonably find that Defendant was indicating that they would file the lawsuit on a date certain or that they were merely communicating their legal option to file suit.

Defendant next argues that the collector did not tell Plaintiff that she should be more responsible in response to her revealing that she had cancer. After the collector indicates that he is only communicating what his client intends to do, the following exchange occurs:

| | |
|---|---|
| Kaplan: | Have you explained my case? |
| Collector: | Sure, but, unfortunately, this is a business. |
| Kaplan: | They don't care, because it's a business and they wanna get every bit of money they can 'cause it's a corporation and corporations are running the whole country. |
| Collector: | Exactly. |
| Kaplan: | And the hell with the people, right? |
| Collector: | Unfortunately. |
| Kaplan: | Well, that's sad, sad situation. I think, um, that the bank, my God, we bailed them out, didn't we? |
| Collector: | Yes. |
| Kaplan: | So, I think they can—they're gonna have to take some things they did to people—it's gonna come back to them too, ya know? |
| Collector: | That's true, but—you know, no one—the thing about it is just we all have to be accountable for everything . . . |
| Kaplan: | Oh yea, but, I—you get cancer, ya—you—there is nothing you can do about it. |
| Collector: | That's true. |
| Kaplan: | You don't have any control over that, you know? |
| Collector: | That's true—everything takes its natural progression. |
| Kaplan: | Yeah. |

The transcript does not show that the collector told Plaintiff to be more responsible after

she informed him she had cancer. Rather the collector stated that "we all have to be accountable for everything . . ." in response to Plaintiff's statements about the banks having to account for what they do to people and having been bailed out by the government. Plaintiff's attached meaning to the collector's statement appears to be more menacing than the statement was. It appears that he was only attempting to provide a response to Plaintiff's statements about the bank bail outs. As to the allegation that Plaintiff needed to be more responsible, no reasonable jury would find the collector's statements were harassing or abusive and Defendant would be entitled to summary judgment as a matter of law as to this statement.

## IV. CONCLUSION

**IT IS ORDERED** that Defendant's motion to dismiss or, in the alternative, motion for summary judgment **[Docket No. 11, filed January 17, 2012]** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff may amend her Complaint, consistent with this opinion, to indicate which provisions of the FDCPA she intends to state a claim under.

                                    S/Denise Page Hood
                                    Denise Page Hood
                                    United States District Judge

Dated: September 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2012, by electronic and/or ordinary mail.

                                    S/LaShawn R. Saulsberry
                                    Case Manager