UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL KAPLAN,

        Plaintiff,

v.

                                       Case No. 11-14886
                                       Honorable Denise Page Hood

LAW OFFICES OF TIMOTHY E.
BAXTER & ASSOCIATES, P.C. and
JP MORGAN CHASE [sic], a national
banking association,

        Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      This matter involves the Fair Debt Collection Practices Act. Now before the Court is Defendant Law Offices of Timothy E. Baxter & Associates' Motion for Judgment as a Matter of Law or, in the alternative, Motion for Summary Judgment. The matter has been fully briefed and is now appropriate for review. For the reasons stated in more detail below, the Court DENIES Defendant's alternative Motion for Summary Judgment. The Court denies without prejudice Defendant's request for judgment as a matter of law; Defendant may re-raise it's motion after Plaintiff has presented her proofs.

**I.    BACKGROUND**

      This matter involves one phone conversation between Plaintiff and Defendant's employee. During the conversation, Defendant's employee told Plaintiff that the creditor, who is not a party to this action, would file a lawsuit against her on October 6, 2011. That lawsuit was not filed. Plaintiff filed the present action on November 4, 2011. Defendants filed a motion to dismiss and/or for summary judgment on January 17, 2012. On September 28, 2012, the Court granted in part and

denied in part Defendant's motion to dismiss or, in the alternative, motion for summary judgment. The Court found that there remained a question of fact as to whether the statement expressing an intention to file a lawsuit on October 6th violated 15 U.S.C. § 1692e(5).

On March 20, 2013, Defendant conducted a deposition *de bene esse* of Plaintiff due to her failing health. Based on the contents of the deposition, Defendant now moves for judgment as a matter of law or, in the alternative, for summary judgment.

## II.     STANDARD OF REVIEW

Pursuant to Rule 50(a)(1), the district court may enter judgment as a matter of law upon motion when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [an] issue." A motion for judgment as a matter of law may be raised at anytime before the case is submitted to the jury for deliberation. Fed. R. Civ. P. 50(a)(2). "Judgment as a matter of law is appropriate when 'viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party.'" *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) (citing *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 720 (6th Cir. 2004)). Accordingly, the Court will not "submit a matter to the jury 'when viewed in the light of those inferences most favorable to the nonmovant, there is either complete absence of proof on the issues or no controverted issues of fact upon which reasonable persons could differ.'" *Spengler v. Worthington Cylinders*, 615 F.3d 481, 488–89 (6th Cir. 2010) (quoting *Monette v. AM-7-7 Baking Co.*, 929 F.2d 276, 280 (6th Cir. 1991)). In considering a motion for judgment as a matter of law, the Court cannot weigh the evidence or assign credibility to a witness. *Jackson v. Quanex Corp.*, 191 F.3d 647, 657

(6th Cir. 1999).

Rule 50 contemplates that a motion for judgment as a matter of law would be submitted after a party has been fully heard on an issue *during* a jury trial. Fed. R. Civ. P. 50(a)(1). Although the purpose of the rule is to provide notice to the court and the opposing party of deficiencies in the case and secure an inexpensive, speedy, and just determination of the case, *Kusens v. Pascal Co.*, 448 F.3d 349, 361 (6th Cir. 2006), "it is impossible [to determine] . . . whether . . . a reasonable jury could find in favor of the nonmoving party if he is precluded from presenting the evidence he considers relevant." *Jackson*, 191 F.3d at 657 (quoting *Francis v. Clark Equip. Co.*, 993 F.2d 545, 555 (6th Cir. 1993)). Simply put, a matter is fully heard once the party has rested his case. *Pakenas v. State Farm Ins. Co.*, 488 Fed. Appx. 43, 52 (6th Cir. 2012) (citing *Echeverria v. Chevron USA Inc.*, 391 F.3d 607, 611 (5th Cir. 2004)).

Defendant argues that judgment as a matter of law is appropriate at this juncture of the case because Plaintiff intends to present her proofs through the *de bene esse* deposition. The language of Rule 50 envisions that a motion for judgment as a matter of law is appropriately considered after a jury trial has begun and a jury trial has not begun in this matter. Defendant's motion for judgment as a matter of law is premature. The Court will, however, allow Defendant to re-raise a Rule 50 motion after the conclusion of Plaintiff's proofs. Until then, the Court will not consider a motion for judgment as a matter of law. In the alternative, Defendant asks that the Court consider its motion as a motion for summary judgment. The Court will, therefore, construe Defendant's motion as a motion for summary judgment.

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 50(a).

The movant bears the burden of proving that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must consider all evidence in the light most favorable to the nonmoving party. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). Summary judgment will "be granted against a party, who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 391. A material fact is genuine, and the case is not appropriate for summary judgment, if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 248 (1986).

**III.    ANALYSIS**

The Court denies Defendant's motion for summary judgment on two separate grounds. First, Defendant has already filed a motion for summary judgment, [Docket No. 25, filed July 11, 2012], and the Court rendered a ruling on that motion. [Docket No. 31, filed September 28, 2012] The Court directs Defendant's attention to Local Rule 7.1(c)(3), which provides that "[a] party must obtain leave of court to file more than one motion for summary judgment." E.D. L.R. 7.1(c)(3). Defendant has not sought leave to file a second motion for summary judgment and the Court will not grant such leave.

Even if the Court were to consider the merits, it finds that there is still a lingering question of fact. Plaintiff brings her remaining claim under section 1692e of the Fair Debt Collection Practices Act (FDCPA), which states in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section: . . .
>
> > (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e. The FDCPA is a strict liability statute and, therefore, evidence of intent by the debt collector is not required. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1174–75 (9th Cir. 2006); *see also Gamby v. Equifax Info. Servs. LLC*, 462 Fed. Appx. 552, 556 (6th Cir. 2012) (citing *Clark*, 460 F.3d at 1176). Plaintiff need only prove that (1) Defendant made a threat and that (2) the threat either could not be legally taken or was never intended to be taken. 15 U.S.C. § 1692e(5). Relevant here is whether Defendant had no intention of filing a lawsuit against Plaintiff on October 6th.

The Court will assess whether a statement has violated the FDCPA through the lens of the least sophisticated consumer. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This is an objective test. *Id.* The Court must consider "whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011). This test is "lower than simply examining whether [a particular statement] would deceive or mislead a reasonable debtor." *Smith v. Computer Credit, Inc.,* 167 F.3d 1052, 1054 (6th Cir. Ohio 1999) (quoting *Swanson v. Southern Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988)). The act of informing a debtor of the agency's legal options does not rise to a threat under section 1692e. *Shuler v. Ingram & Associates,* 710 F.Supp.2d 1213, 1224 (N.D. Ala. 2010).

Citing Plaintiff's *de bene esse* deposition testimony, Defendant argues that it is entitled to a favorable judgment because Plaintiff admits that (1) Defendant's statements were not false, deceptive, or misleading and (2) that she did not believe that Defendant would file a lawsuit on October 6th. Plaintiff counters that Defendant has taken her testimony out of context.

5

In the section in question, Plaintiff testifies that she believed that Defendant would file a lawsuit against her "soon" or "not necessarily on the sixth." Upon further questioning, she clarified her statement and testified that she meant that a suit would be filed around October 6th. [Docket No. 50, Ex. 4, pg 32–33] She further testified that she did not believe that anything that Defendant's employee said was misleading. *Id.* It appears that Plaintiff did believe that Defendant was going to file a lawsuit soon, on a date certain, and that Defendant was not trying to mislead her. This testimony does not appear completely inconsistent with Plaintiff's allegations.

The relevant question is whether Defendant actually intended to file suit against Plaintiff on a date certain and whether Plaintiff has produced evidence of this element. Plaintiff argues that the fact that Defendant did not file suit is evidence that Defendant never intended to file suit. Defendant responds that the mere fact that a lawsuit was not filed is not indicative of no intention to file a lawsuit. Defendant points to the Affidavit of Susan Clay. Ms. Clay averred that Defendant was waiting for a document to complete its file and that it believed that it would have the document by October 6th in order to file a lawsuit. Ms. Clay further stated that it was reasonable for Defendant's agent to believe that a lawsuit would commence by October 6th, given the nature of the file. Plaintiff filed this action in November 2011 and Defendant then decided to suspend all action against Plaintiff pending resolution of this suit. [Docket No. 53, Ex. 1]

The fact that Defendant did not file a lawsuit does not necessarily lead to the conclusion that it had no intention whatsoever to file one. However, a reasonable jury may believe that Defendant's failure to file a lawsuit on October 6th does show that Defendant had no intention to file a lawsuit against Plaintiff. The reasonableness of this conclusion is bolstered by Defendant's failure to file a lawsuit before Plaintiff filed the action before this Court. Ms. Clay avers that Defendant was

6

waiting on a document to file a lawsuit but this does not explain why the suit was never filed. Defendant does not argue that the document never came or provide any other reasons for its delay in filing suit. Although Plaintiff does not present any other evidence of Defendant's intention to file, the Court believes that the absence of a lawsuit against Plaintiff is enough circumstantial evidence to create a question of fact. The Court finds that whether Defendant intended to file a lawsuit is a question of fact that must be presented to the jury for determination and summary judgment as to this issue is inappropriate.

Therefore,

IT IS ORDERED that Defendant's Motion for Judgment as a Matter of Law or, in the alternative, Motion for Summary Judgment [Docket No. 50, filed April 8, 2013], construed as a Motion for Summary Judgment, is DENIED. Defendant may re-raise a Rule 50 Motion for Judgment as a Matter of Law at the close of Plaintiff's proofs.

IT IS SO ORDERED.

DATED: June 14, 2013
                        s/ Denise Page Hood
                        DENISE PAGE HOOD
                        United States District Judge